STEVEN W. MYHRE
Acting United States Attorney
District of Nevada

MARK E. WOOLF
LINDSY M. ROBERTS
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Email: Mark.Woolf@usdoj.gov
       Lindsy.Roberts@usdoj.gov

*Attorneys for the United States.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELOISE HERRON, | ) |
| Plaintiff, | ) Case No. |
| v. | ) **NOTICE OF REMOVAL** |
| MISTER JONATHAN JACKSON, III; BUDGET RENT A CAR SYSTEM, INC.; JAMES SMITH, | ) |
| Defendants. | ) |

Pursuant to 28 U.S.C. §§ 2679(d)(2), 1346(b)(1), 1442(a)(1), and 1446, the United States of America, on behalf of itself and Federal Defendant Mister Jonathan Jackson, III ("Jackson"), a federal employee acting in the course and scope of federal employment or office at the time of the subject incident, removes this case to the United States District Court for the District of Nevada. The grounds for removal are set forth below.

On August 7, 2017, Plaintiff commenced this action in the District Court, Clark County, Nevada, as Case No. A-17-759559-C. Plaintiff alleges that on or about November 30, 2015, Jackson negligently operated his vehicle which resulted in damages to Plaintiff (Plaintiff's complaint is attached hereto as Exhibit A). On September 26, 2017, Defendant James Smith

1

filed an answer asserting cross-claims against Jackson (attached as Exhibit B). On November 7, 2017, Defendant Budget Rent A Car System, Inc. filed an answer (attached as Exhibit C).

This action is being removed pursuant to the Federal Tort Claims Act, which provides in pertinent part:

> Upon Certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States . . ., and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2). The Attorney General has delegated to United States Attorneys the authority to certify that a federal employee was acting in the course and scope of his employment at the time of the incident at issue. 28 C.F.R. § 15.4. The Acting United States Attorney for the District of Nevada has certified that Jackson was acting in the course and scope of federal employment or office at the time of the incident that is the subject of Plaintiff's Complaint. The Acting United States Attorney's Certification of Scope of Employment is attached hereto as Exhibit D, and is also attached as an exhibit to the concurrently filed Motion for Substitution. Additionally, federal district courts have exclusive jurisdiction for tort claims arising from the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment or office. *See* 28 U.S.C. § 1346(b)(1).

Further, 28 U.S.C. § 1442(a)(1) provides in pertinent part:

> "A civil action … that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ."

28 U.S.C. § 1442(a)(1). Section 1442(a)(1) provides for a "broad" grant of removal jurisdiction and is not given a "narrow, grudging interpretation." *Nationwide Investors v. Miller*, 793 F.2d 1044, 1046 (9th Cir. 1986) (citing *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). Under Section 1442(a)(1), federal court jurisdiction need not even be apparent from the face of the

1  complaint itself. *See Jefferson Cnty., Alabama v. Acker*, 527 U.S. 423 (1999); *Mesa v.*
2  *California*, 489 U.S. 121 (1989).
3      Accordingly, the United States gives notice that the above-referenced action,
4  commenced in the District Court, Clark County, Nevada, as Case No. A-17-759559-C, is now
5  removed to the United States District Court for the District of Nevada. The United States does
6  not, by filing this notice, waive service of process or any other defenses available under Fed. R.
7  Civ. P. 12(b) or other applicable law. A copy of this notice will be served promptly on Plaintiff
8  and all other appearing parties.
9      Respectfully submitted this 12th day of December 2017.

                        STEVEN W. MYHRE
                        Acting United States Attorney

                        */s/ Mark E. Woolf*
                        MARK E. WOOLF
                        Assistant United States Attorney

# CERTIFICATE OF SERVICE

I, Mark E. Woolf, certify that the **NOTICE OF REMOVAL** was served on all parties this date via the Court's Electronic Case Filing system and in the manner specified below.

**U.S. Mail & Electronic Mail:**

Joshua L. Benson, Esq.
4795 South Durango Drive
Las Vegas, Nevada 89147
jbenson@glenlerner.com

*Attorney for Plaintiff*

Deborah L. Elsasser, Esq.
400 N. Stephanie St., Suite 260
Henderson, Nevada 89014
Delsass1@progressive.com

*Attorney for Defendant and Cross-Claimant James A. Smith*

Alan W. Westbrook
1701 W. Charleston, Suite 200
Las Vegas, Nevada 89102
awestbrook@perrywestbrook.com

*Attorney for Budget Rent A Car System, Inc.*

Dated this 12th day of December 2017.

                                                 */s/ Mark E. Woolf*
                                                 MARK E. WOOLF
                                                 Assistant United States Attorney