# EXHIBIT
# A

COMPLAINT
A-17-759559-C

Electronically Filed
8/7/2017 9:27 AM
Steven D. Grierson
CLERK OF THE COURT

COMP

Joshua L. Benson, Esq.
Nevada Bar No. 10514
GLEN LERNER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, Nevada 89147
Telephone: (702) 877-1500
Facsimile: (702) 933-7043
Email: jbenson@glenlerner.com
Attorneys for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| ELOISE HERRON, individually;<br><br>Plaintiff,<br><br>v.<br><br>MISTER JONATHAN JACKSON, III, individually;<br>BUDGET RENT A CAR SYSTEM, INC.;<br>JAMES SMITH, individually;<br>DOES I – X; and ROE CORPORATIONS I - X, inclusive,<br><br>Defendants. | CASE NO. A-17-759559-C<br>DEPT. NO. Department 17<br><br>**COMPLAINT**<br><br>**EXEMPT FROM ARBITRATION (Amount in Controversy Exceeds $50,000)** |

Plaintiff complains as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff is, and at all times relevant herein, was, a resident of Clark County, Nevada.

2. The actions complained of herein occurred in Clark County, Nevada.

3. The true names and capacities of the Defendants designated herein as Doe or Roe Corporations are presently unknown to Plaintiff at this time, who therefore sue said Defendants by such fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

4. At all times pertinent herein, Defendants were agents, servants, employees or joint venturers of every other Defendant, and at all times mentioned herein were acting within

the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

5. Defendant JAMES SMITH was at all times mentioned herein the operator of a 1993 Mercury Sable (hereinafter referred to as the "Smith Vehicle").

6. Plaintiff ELOISE HERRON was at all times mentioned herein a passenger in the Smith Vehicle.

7. Defendant MISTER JONATHAN JACKSON, III was at all times mentioned herein the operator of a 2016 Kia Rio (hereinafter referred to as the "Jackson Vehicle").

8. Defendant BUDGET RENT A CAR SYSTEM, INC. was at all times mentioned herein the owner of the Jackson Vehicle.

9. On November 30, 2015, Defendants MISTER JONATHAN JACKSON, III and JAMES SMITH negligently operated their vehicles and caused injuries to Plaintiff.

10. As a direct and proximate result of the negligence of Defendants, Plaintiff sustained serious injuries to her bodily limbs, organs and systems, all or some of which condition may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $10,000.00.

11. As a direct and proximate result of the negligence of Defendants, Plaintiff received medical and other treatment for the aforementioned injuries, and said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

12. As a direct and proximate result of the negligence of Defendants, Plaintiff has been required to, and has limited occupational and recreational activities, which has caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

13. As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

. . .

**FIRST CAUSE OF ACTION**

**(Negligence against Defendant MISTER JONATHAN JACKSON, III)**

14. Plaintiff incorporates paragraphs 1 through 13 of the Complaint as though said paragraphs were fully set forth herein.

15. Defendant MISTER JONATHAN JACKSON, III owed Plaintiff a duty of care to operate the Jackson Vehicle in a reasonable and safe manner. Defendant MISTER JONATHAN JACKSON, III breached that duty of care by causing a collision on the roadway.

16. As a direct and proximate result of the negligence of Defendant MISTER JONATHAN JACKSON, III, Plaintiff has been damaged in an amount in excess of $10,000.00.

**SECOND CAUSE OF ACTION**

**(Negligence Per Se against Defendant MISTER JONATHAN JACKSON, III)**

17. Plaintiff incorporates paragraphs 1 through 16 of the Complaint as though said paragraphs were fully set forth herein.

18. The acts of Defendant MISTER JONATHAN JACKSON, III as described herein violated the traffic laws of the State of Nevada and Clark County, constituting negligence per se, and Plaintiff has been damaged as a direct and proximate result thereof in an amount in excess of $10,000.00.

**THIRD CAUSE OF ACTION**

**(Negligent Entrustment against Defendant BUDGET RENT A CAR SYSTEM, INC.)**

19. Plaintiff incorporates paragraphs 1 through 18 of the Complaint as though said paragraphs were fully set forth herein.

20. Defendant BUDGET RENT A CAR SYSTEM, INC. was at all relevant times the owner of the Jackson Vehicle.

21. Defendant BUDGET RENT A CAR SYSTEM, INC. entrusted control of the Vehicle to Defendant MISTER JONATHAN JACKSON, III.

22. Defendant MISTER JONATHAN JACKSON, III was incompetent, inexperienced, or reckless in the operation of the Jackson Vehicle.

23. Defendant BUDGET RENT A CAR SYSTEM, INC. knew or, by the exercise of reasonable care should have known, that Defendant MISTER JONATHAN JACKSON, III was incompetent, inexperienced, or reckless in the operation of the Jackson Vehicle.

24. Plaintiff was injured as a proximate consequence of the negligence and incompetence of Defendant MISTER JONATHAN JACKSON, III, resulting from the negligent entrustment by Defendant BUDGET RENT A CAR SYSTEM, INC.

25. As a direct and proximate cause of the negligent entrustment of the Jackson Vehicle by Defendant BUDGET RENT A CAR SYSTEM, INC., Plaintiff has been damaged in an amount in excess of $10,000.00.

**FOURTH CAUSE OF ACTION**

**(Negligence against Defendant JAMES SMITH)**

26. Plaintiff incorporates paragraphs 1 through 25 of the Complaint as though said paragraphs were fully set forth herein.

27. Defendant JAMES SMITH owed Plaintiff a duty of care to operate the Smith Vehicle in a reasonable and safe manner. Defendant JAMES SMITH breached that duty of care by causing a collision on the roadway.

28. As a direct and proximate result of the negligence of Defendant JAMES SMITH, Plaintiff has been damaged in an amount in excess of $10,000.00.

**FIFTH CAUSE OF ACTION**

**(Negligence Per Se against Defendant JAMES SMITH)**

29. Plaintiff incorporates paragraphs 1 through 28 of the Complaint as though said paragraphs were fully set forth herein.

30. The acts of Defendant JAMES SMITH as described herein violated the traffic laws of the State of Nevada and Clark County, constituting negligence per se, and Plaintiff has been damaged as a direct and proximate result thereof in an amount in excess of $10,000.00.

WHEREFORE, Plaintiff expressly reserve the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable,

pray judgment against all Defendants, and each of them, as follows:

1. For general damages in an amount in excess of $10,000.00;
2. For special damages in an amount in excess of $10,000.00;
3. For reasonable attorney's fees and costs;
4. For interest at the statutory rate; and
5. For such other relief as the Court deems just and proper.

GLEN LERNER INJURY ATTORNEYS

Joshua L. Benson, Esq.
Nevada Bar No. 10514
4795 South Durango Drive
Las Vegas, Nevada 89147
Attorneys for Plaintiff